# IN THE COURT OF APPEALS 12/03/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 94-KA-01149 COA


**DOUGLAS JEROME JENKINS A/K/A DOUG RUSSELL**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**


**PER CURIAM AFFIRMANCE MEMORANDUM OPINION**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B


TRIAL JUDGE: HON. ROBERT L. GIBBS

COURT FROM WHICH APPEALED: HINDS COUNTY CIRCUIT COURT, 1ST JUD. DIST.

ATTORNEY FOR APPELLANT:

MEL COXWELL

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: PAT FLYNN

DISTRICT ATTORNEY: EDWARD PETERS

NATURE OF THE CASE: CRIMINAL - BURGLARY

TRIAL COURT DISPOSITION: CONVICTED AND SENTENCED TO SERVE SEVEN (7)

YEARS IN THE CUSTODY OF THE MDOC.

BEFORE THOMAS, P.J., BARBER, AND MCMILLIN, JJ.

PER CURIAM:

Douglas Jenkins was indicted and convicted of burglary of a business in violation of section 97-17-33. He was sentenced to serve a term of seven years in the custody of the Mississippi Department of Corrections. On appeal, Jenkins challenges the verdict as being against the overwhelming weight of the evidence and asks this Court to grant him a new trial.

On July 31, 1993, Jackson police officers received a call that two men were breaking into Buck Sullivan's Auto Repair. Officers Lunstrung and Moore were dispatched to the scene. Officer Lunstrung arrived first at the scene. Lunstrung saw one man crawling under the fence surrounding Sullivan's and another man standing by the fence. As Lunstrung approached the two, one man started running immediately. The other man, later identified as the Defendant, waited until Lunstrung was within fifteen to twenty feet from him and then he started running also. Lunstrung pursued him on foot. By this time, Officer Moore had arrived at the scene, and he too chased the Defendant. As a result of the chase, Jenkins was apprehended by Officers Lunstrung and Moore in a nearby residential area. Officer Lunstrung testified that he only momentarily lost sight of Jenkins before capturing him, when Jenkins jumped over a cyclone fence. Both Officers Lunstrung and Moore positively identified Jenkins as the man they apprehended that night.

There was a discrepancy in the incident report which stated that Officers Jenkins and Moore had arrested Wardell Simms, the other man caught in connection with the burglary of Sullivan's, rather than Jenkins. Jenkins argues that, because of this discrepancy, the testimony given by Officers Moore and Lunstrung is so unreliable as to make the verdict against the overwhelming weight of the evidence.

The evidence submitted by the State showed that Jenkins was seen in the act of carrying stolen property away from Sullivan's. He was then chased by Officer Lunstrung, who had him in his sight during the chase, and by Officer Moore, who saw him jump the fence and run from Lunstrung. The two officers caught Jenkins, arrested him, positively identified him at trial as the man they had chased and caught that night.

Motions for a new trial challenge the weight of the evidence and "implicate[] the trial court's sound discretion." *McClain v. State*, 625 So. 2d 774, 781 (Miss. 1993). The test for reviewing a denied motion for a new trial is as follows: "New trial decisions rest in the sound discretion of the trial court, and the motion should not be granted except to prevent an unconscionable injustice. We reverse only for abuse of discretion, and on review we accept as true all evidence favorable to the State." *Id.* It is the jury's responsibility to determine the credibility of the witnesses as well as the weight and worth of their testimony. *Id.*

Any alleged discrepancy between the testimony and the reports was a matter of the credibility of the

witnesses. Apparently the jury in this case, being fully informed about the reports and having them available while deliberating, believed the testimony of the officers on the events of that night. Applying the standard for reversal to the case at bar, Jenkins' argument must fail. When the testimony of Officers Lunstrung and Moore is taken as true, together with all favorable inferences, there is more than sufficient evidence to support the jury's verdict of guilty. The court, therefore, did not abuse its discretion in denying Jenkins' motion for a new trial. Accordingly, we affirm Jenkins' conviction.

**THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY OF CONVICTION OF BURGLARY OF A BUSINESS AND SENTENCE OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS ARE ASSESSED TO HINDS COUNTY.**

**FRAISER, C.J., BRIDGES AND THOMAS, P.JJ., BARBER, COLEMAN, DIAZ, KING, McMILLIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.**